**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH WAYNE FULLER (1) and<br>CALEB WAYNE FULLER (2),<br><br>Defendant. | Criminal Action No. 23-209 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 16, 2025)

Defendants Kenneth Fuller and Caleb Fuller stand trial on felony and misdemeanor charges related to their alleged conduct during the riot at the United States Capitol on January 6, 2021. The Court described the Fullers' alleged role in the events of that day in a prior Memorandum Opinion. *See* Mem. Op., ECF No. 105, at 3. For this conduct, a grand jury charged them by Superseding Indictment with Obstructing Certain Officers During a Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3) and 2; Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); and Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D). Superseding Indictment, ECF No. 46.

Now pending before the Court is Defendant K. Fuller's [136] Fifth Motion *in Limine* ("Def.'s Mot."). K. Fuller seeks three forms of *in limine* relief. First, he moves to exclude Government Exhibits 601, 601A, 601B, 602, 602A, 603, 610, 611, 9, and 9A–E on authenticity grounds. *See* Def.'s Mot. at 2. Second, he moves to exclude the same exhibits under Rule 403. *See id.* at 5–6. Third, he moves to exclude Government Exhibit 5 as inadmissible hearsay. *See id.* at 6. The Government opposes all three requests. *See* Memorandum in Opposition (Gov't's Opp'n"), ECF No. 137. The Court will address each request in turn.

1

**I. Authenticity**

K. Fuller argues that the 600-series of the Government's exhibits and Government's Exhibits 9–9E do not satisfy the authentication requirements of Federal Rule of Evidence 901. Def.'s Mot. at 2. Rule 901 requires that the proponent of an item of evidence "produce evidence sufficient to support a finding that the item is what the proponent claims it is." In other words, authentication is a "condition precedent to admissibility." *United States v. Khatallah*, 41 F.4th 608, 622 (D.C. Cir. 2022) (citation omitted). But "the proponent's 'burden of proof for authentication is slight.'" *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (RC) (quoting *McQueeny v. Wilmington Tr. Co.*, 779 F.2d 916, 928 (3d Cir. 1985)). Rule 901 "requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence." *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). Even "circumstantial evidence of authenticity can be sufficient." *United States v. Burner*, 657 F.2d 1278, 1284 (D.C. Cir. 1981).

The challenged exhibits are all "open-source" evidence—that is, they are photographs and videos gleaned from publicly-available sources or third parties rather than from law enforcement or Defendants. Because the Government has not identified the authors of the challenged exhibits, and because the exhibits lack precise metadata, K. Fuller argues the Government will be unable to authenticate them under Rule 901. *See* Def.'s Mot. at 3–5.

But a witness with knowledge of the events depicted in an exhibit may authenticate the exhibit through their testimony. Fed. R. Evid. 901(b)(1). That testifying witness need not be the author of the exhibit. *See Am. Wrecking Corp. v. Sec'y of Lab.*, 351 F.3d 1254, 1262 (D.C. Cir. 2003); *United States v. Rembert*, 863 F.2d 1023, 1028 (D.C. Cir. 1988). Likewise, a testifying witness can authenticate an exhibit by reference to the "distinctive characteristics" of the evidence,

Fed. R. Evid. 901(b)(4), or by comparison to other, already-authenticated exhibits, *id.* 903(b)(3). As the Government notes, motions nearly identical K. Fuller's have been rejected following authentication through these means. *See United States v. Crawford*, 23-cr-426 (JEB), June 18, 2024 Tr., ECF No. 82 at 3.

Here, the Government has proffered that a witness—U.S. Capitol Police Captain Rani Brooks—will testify to the authenticity of the challenged exhibits. Gov't's Opp'n at 5. Accordingly, the Court will **DEFER RULING** on K. Fuller's first objection until it hears the testimony of Captain Rani. At that time, the Court will assess whether the Government has satisfied its slight burden of making a prima facie showing of authenticity.

**II. Rule 403**

Next, K. Fuller argues the challenged exhibits should be excluded under Federal Rule of Evidence 403. Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed" by the risk of unfair prejudice, misleading the jury, or other considerations. K. Fuller's Rule 403 objections are threefold.

First, he argues that "[b]ecause the authenticity of the challenged exhibits is extremely questionable," the exhibits are more prejudicial than probative. Def.'s Mot. at 5–6. Because the authenticity of the exhibits is not ascertainable until the Government's authenticating witness testifies, the Court does not now consider this argument.

Second, K. Fuller argues that Government's Exhibit 610 is "especially prejudicial because [Defendants] are barely shown" and because the Exhibit shows "much worse conduct by other actors." Def.'s Mot. at 7. Exhibit 610 is a video taken by an Arlington County Police Department Officer that depicts the crowd of rioters, including Defendants, engaging with a line of police officers. As the Court has previously explained, *see* Mem. Op., ECF No. 105 at 8–10, such

3

evidence is highly probative. Count One, charging a violation of 18 U.S.C. § 231(a)(3), "requires that the Government prove that [a] civil disorder—not Defendants—obstructed, delayed, or adversely affected the performance of a federally protected function." Mem. Op., ECF No. 105 at 9. Thus, the conduct of others is relevant to the charges in this matter. Likewise, "the rioters' collective action is relevant to proving that [a defendant] disrupted Congress in violation of 18 U.S.C. § 1752(a)(2)"—the offense charged in Count Two. *United States v. Zink*, No. 21-cr-191, 2023 WL 5206143, at *3 (D.D.C. Aug. 14, 2023) (JEB). And to the extent other rioters' actions were worse than Defendants', Defendants' "conduct may be viewed more positively in comparison," thus limiting any prejudicial effect on the jury. *United States v. Stedman*, No. 21-cr-383, 2023 WL 3303818, at *2 (D.D.C. May 8, 2023) (BAH).

Third, K. Fuller argues that Government's Exhibits 9–9E violate Rule 403. Def.'s Mot. at 6. Those exhibits are images of the bike racks, snow fencing, and "Area Closed" signs that surrounded the Capitol on January 6, 2021. K. Fuller argues that the exhibits lack probative value because Defendants arrived at the Capitol after these barriers had been overrun and that the exhibits risk confusing the jury about what Defendants would have seen when they approached the Capitol grounds. Def.'s Mot. 6. The Court regards these exhibits as highly probative. Counts Two, Three, and Four each require that the Government prove the Capitol grounds were restricted on January 6, 2021. And evidence of physical restrictions around the Capitol are clearly probative of that fact. Although the exhibits depict the area around the Capitol before Defendants arrived, the Government has proffered that its witness will testify to that fact. Gov't's Opp'n at 10. And Defendants are free to draw this issue out on cross-examination, which will allow the jury to determine the appropriate weight to assign the exhibits.

Accordingly, on the present record, the Court will **OVERRULE** K. Fuller's Rule 403 objections.

**III. Hearsay**

Finally, K. Fuller raises a hearsay objection to the Government's proposed Exhibit 5, which "consists of an overhead map of the Capitol on which a red line is drawn around the Capitol grounds." Def.'s Mot. at 6.

The Court concludes that this exhibit contains hearsay regarding the location of the restricted perimeter around the U.S. Capitol on January 6, 2021. *See* Fed. R. Evid. 801(a). As the Court has already explained, "'[n]onverbal conduct of a person' is a 'statement' for purposes of the hearsay rules 'if it is intended by the person as an assertion.'" Mem. Op. & Order, ECF No. 122, at 7 (quoting Fed. R. Evid. 801(a)). And "[c]reating an illustration is a form of 'nonverbal conduct' that can be hearsay if it is intended by the illustrator as an assertion and is later offered to prove the fact asserted." *Id.* (quoting Fed. R. Evid. 801(a)). Here, the Government has indicated that it will offer the proposed exhibit in part to prove the location of the restricted perimeter around the Capitol. *See* Gov't's Opp'n at 10. Because the location of that perimeter is the "matter asserted" in the out-of-court illustration contained in the exhibit, the exhibit contains hearsay. *See* Fed. R. Evid. 801(a).

Because the exhibit contains hearsay, it is not admissible in evidence unless the Government shows that an exception applies. The Government has not yet laid foundation for any relevant hearsay exception that may apply to this map or a similar illustration of the restricted perimeter, but it may be able to do so at trial. *See, e.g.*, Fed. R. Evid. 803(6) (allowing admission of hearsay if, among other conditions, the relevant statement was "kept in the course of a regularly

conducted activity of a business, organization, occupation, or calling, whether or not for profit"). The Court shall therefore **DEFER RULING** on the admissibility of Exhibit 5.

Finally, the Court notes that a witness may, as the Government suggests, "draw a line on the monitor" to annotate an admissible map of the area or draw directly on an admissible paper map to illustrate the perimeter. *See* Gov't's Opp'n at 10. That would constitute an in-court assertion as to the extent of the security perimeter around the Capitol and obviate any hearsay objection. Moreover, the fact that the Government's proposed exhibit contains hearsay does not preclude the Government from using it for another purpose, such as to refresh the recollection of a witness, regardless of whether a hearsay exception applies. *See* Fed. R. Evid. 612.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES IN PART** and **DEFERS RULING IN PART** on K. Fuller's [136] Fifth Motion *in Limine*. The Court overrules K. Fuller's Rule 403 objections on the present record. The Court otherwise defers ruling on K. Fuller's authenticity and hearsay objections.

**Dated:**  January 16, 2025                    /s/
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge